UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

ALLEN R. BLAIR,

     Plaintiff,

        v.                           CAUSE NO. 1:26-CV-57-PPS-JEM

HERSHBERGER, ALLEN COUNTY
JAIL, MEDICAL WARD,

     Defendants.

<u>OPINION AND ORDER</u>

Allen R. Blair, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Blair was booked into the Allen County Jail on December 4, 2025. During intake, he gave the nurse his medication list and told her the reasons he was taking them. Although he doesn't know the exact medical term, Blair says he has a preexisting condition that causes fluid to build up on his lungs. Because he had to sleep on the floor "without a boat" for the first two weeks of his stay, he experienced discomfort, and his

lung condition began to worsen. ECF 1 at 2. He informed the "medical ward" of his issue. *Id*. They told him to pay the $15 charge, and his request would be "entertained." *Id*. Blair states, "I was hesitant to pay the $15 from my account, because I thought medical is free plus I have insurance, [so] my request[s] were intentionally overlooked." *Id*.

However, when his symptoms of chest pain, wheezing, strained breathing, lightheadedness, and strained speech began to worsen at some point, he paid the $15 fee to receive treatment. He implies that he didn't receive any medical care because he was "already black-sheeped." *Id*. at 3. Blair requested his medical records and began to "beg" for the treatment plan he had established with his outside physician including "weight gaining and intake of multivitamins." *Id*. He kept asking the "medical ward" to have the kitchen staff place him on a "special weight gaining diet," but he continued to be "overlooked." *Id*. The alleged lack of medical care has left him filled with "anxiety from fear of stopping breathing, or drowning on the fluid on my lung." *Id*. Blair has sued Allen County Sheriff Hershberger, the Allen County Jail, and the "Medical Ward" for monetary damages.

Blair states he is a pretrial detainee, so his claims must be analyzed under the Fourteenth Amendment. *See generally Miranda v. Cty. of Lake*, 900 F.3d 335 (7th Cir. 2018). Under that standard, he is entitled to constitutionally adequate medical care for his serious medical needs, which requires jail staff to take "reasonable available measures" to address a "risk of serious harm" to an inmate's health or safety. *Pittman v. Madison Cnty.*, 108 F.4th 561, 572 (7th Cir. 2024). "An objectively serious medical need is

one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (internal quotation marks and citation omitted). Whether a defendant is providing reasonable care is determined by a purely objective standard. *Pittman*, 108 F.4th at 572. First, the plaintiff must allege the defendant performed a volitional act or made a deliberate choice not to act. *Id.* at 570. "This framing asks strictly whether the defendant intended to commit the physical act that caused the alleged injury." *Id.* "[L]iability for *negligently* inflicted harm is categorically beneath the threshold of constitutional due process." *Kingsley v. Hendrickson*, 576 U.S. 389, 396 (2015) (quotation marks omitted). Then, the reasonableness of that action or inaction is assessed based on whether "reasonable [individuals] under the circumstances would have understood the high degree of risk involved, making the consequences of the defendants' conduct obvious." *Pittman*, 108 F.4th at 572 (emphasis omitted). Whether the defendant actually knew that his action or inaction would cause harm is irrelevant under the Fourteenth Amendment. *Id.* "[W]hen evaluating whether challenged conduct is objectively unreasonable, courts must focus on the totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020) (quotation marks omitted).

As an initial matter, I note that Blair has sued the Allen County Jail, but the jail is a building, not a person or policy-making body that can be sued for constitutional violations. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Similarly, he has sued the "Medical Ward," but suing a broad group of defendants doesn't state a claim.

3

*See Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (allegations that referred to "defendants" collectively without connecting specific defendants to specific acts were insufficient under federal pleading standards); *see also Henderson v. Wall*, No. 20-1455, 2021 WL 5102915, at *1 (7th Cir. Nov. 3, 2021) ("[B]y making allegations about large, indeterminate groups of defendants, [the plaintiff] deprived them all of proper notice of what they were accused of doing."). These defendants will be dismissed without prejudice, but Blair will be given an opportunity to file an amended complaint specifically identifying "the jail officers who ignored his injuries." *Smith*, 666 F.3d at 1037.

Blair has also sued Sheriff Hershberger for money damages, but he doesn't plausibly allege the Sheriff performed a volitional act or deliberately chose not to act in response to Blair's medical needs—in fact, the Sheriff isn't mentioned at all in the body of the complaint. Thus, I can't conclude he violated the Fourteenth Amendment. *See Pittman*, 108 F.4th at 572. Moreover, to the extent Blair is attempting to hold the Sheriff liable because he oversees the Allen County Jail, there is no *general respondeat* superior liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009); *see also Moderson v. City of Neenah*, 137 F.4th 611, 617 (7th Cir. 2025) ("A defendant cannot be held liable for a constitutional violation if she did not cause or participate in the alleged violation.") (citation omitted)). The claims against Sheriff Hershberger in his personal capacity will be dismissed.

That said, because Blair has alleged a serious (albeit vague) ongoing medical issue related to his lungs—which he claims is causing chest pain, wheezing, shortness

4

of breath, and dizziness—I will construe his allegations generously and allow him to proceed on an injunctive relief claim against the Sheriff in his official capacity. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (the proper government defendant in an injunctive relief action is the official "who would be responsible for ensuring that any injunctive relief is carried out.").

As a final matter, Blair has filed two miscellaneous motions. His motion for a "screening analysis" (ECF 5) is now moot, and his request for the entry of default (ECF 6) must be denied because the Sheriff is not in default. *See* Fed. R. Civ. P. 55.

Accordingly:

(1) The Clerk is DIRECTED to add the Allen County Sheriff in his official capacity as a defendant;

(2) Allen R. Blair is GRANTED leave to proceed against the Allen County Sheriff in his official capacity for injunctive relief to ensure he receives constitutionally adequate medical care for his serious lung issue;

(3) All other claims are DISMISSED;

(4) Troy Hershberger in his individual capacity, the Allen County Jail, and the Medical Ward are DISMISSED without prejudice; Blair is given 30 days to file an amended complaint to properly identify and name as defendants the individuals who ignored his request for medical care; if he does not, then the case will proceed only on his injunctive claim against the Sheriff;

(5) The clerk is DIRECTED, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful

5

means to locate and serve process on) the Allen County Sheriff at the Allen County Jail, with a copy of this order and the complaint (ECF 1);

(6) The Allen County Sheriff is ordered to respond under 42 U.S.C. § 1997e(g)(2), as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order; and

(7) The motions (ECF 5 & ECF 6) are DENIED.

SO ORDERED.

ENTERED: July 28, 2026.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT

6